Case 4:23-cv-04542   Document 19   Filed on 02/24/25 in TXSD   Page 1 of 4

United States District Court
Southern District of Texas
**ENTERED**
February 24, 2025
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| TIMOTHY BARNUM, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 4:23-CV-04542 |
| | § | |
| DANTAY BLANSON, | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Timothy Barnum is an inmate in the custody of the Texas Department of Criminal Justice ("TDCJ"). He filed a civil rights complaint alleging that the defendant was deliberately indifferent to his serious medical needs.

The defendant, TDCJ Lieutenant Dantay Blanson, now moves to dismiss. Barnum has responded to Blanson's motion, Blanson has replied, and Barnum has sur-replied. Based on the pleadings, the motion, the response, the reply, the sur-reply and the applicable law, Blanson's motion is granted and the complaint is dismissed with prejudice. The reasons for this decision are set out below.

### I.   Background

At all times relevant to this case, Barnum was housed in the TDCJ's Ellis Unit in Huntsville, Texas. Barnum alleges that he told Blanson that he needed to go to a respite area because he was becoming overheated, causing him to suffer high blood pressure, nausea,

dizziness, and to feel like he was going to faint. Barnum alleges that, in response to this request, Blanson handcuffed him and placed him in an administrative segregation cell. He alleges that the cell was hotter than the dayroom he was in when he complained of overheating and, because he was handcuffed, he was unable to splash water on his face. He further alleges that he then fainted, hit his head, and was hospitalized for three weeks.

## II. Standard of Review

In reviewing a motion to dismiss under rule 12(b)(6), the complaint must be liberally construed in favor of the plaintiff, and all facts pleaded in the complaint must be taken as true. *Campbell v. Wells Fargo Bank*, 781 F.2d 440, 442 (5th Cir.1986).

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citations omitted).

## III. Analysis

The events giving rise to this case took place on July 29, 2021. Complaint (Doc. # 1) at 4. Barnum states that, as an immediate result of Blanson's alleged actions, Barnum fell and hit his head requiring hospitalization for three weeks, and resulting in memory loss and loss of motor skills. *Id.* at 6. Barnum filed his Complaint on November 29, 2023. *Id.* at 7.

Barnum's claims are barred by the statute of limitations.

> Texas' general personal injury limitations period is two years. TEX. CIV. PRAC. & REM. CODE § 16.003(a); *see also Burrell v. Newsome*, 883 F.2d 416, 418 (5th Cir. 1989). And federal courts use the forum state's general personal injury limitations period to govern claims under § 1983. *Owens v. Okure*, 488 U.S. 235, 240–41, 109 S.Ct. 573, 102 L.Ed.2d 594 (1989); *King-White v. Humble Indep. Sch. Dist.*, 803 F.3d 754, 759 (5th Cir. 2015); *Moore v. McDonald*, 30 F.3d 616, 620 (5th Cir. 1994).

*Beckwith v. City of Houston*, 790 F. App'x 568, 572–73 (5th Cir. 2019).

Because the events alleged in the complaint occurred on July 29, 2021, Barnum had until July 29, 2023 to bring his claims. He did not file his complaint until five months after that.

In his response to the motion to dismiss, Barnum contends that he did not know the full extent of his injuries until some time after the initial events. Accepting this contention as true, it does not change the fact that the events occurred on July 29, 2021, and that Barnum was aware of the alleged constitutional violation at the time of the events, and that he suffered injuries as an immediate result of those events.

> Federal law governs when a cause of action under § 1983 accrues. *Piotrowski v. City of Houston*, 51 F.3d 512, 516 n.10 (5th Cir. 1995). The limitations period begins to run when the plaintiff "becomes aware that he has suffered an injury or has sufficient information to know that he has been injured." *Id.* at 516 (internal quotations omitted).

*Redburn v. City of Victoria*, 898 F.3d 486, 496 (5th Cir. 2018). Because Barnum was aware that he suffered an injury on or about July 29, 2021, his claim accrued then. His complaint, filed in November 2023, is about five months too late, and his claims are barred by the statute of limitations.

## IV. **Conclusion**

For the foregoing reasons, Barnum's motion for leave to file a sur-reply (Doc # 18) is GRANTED, Blanson's motion to dismiss (Doc. # 10) is GRANTED, and the Complaint (Doc. # 1) is DISMISSED WITH PREJUDICE.

It is so ORDERED.

SIGNED on February 24, 2025, at Houston, Texas.

Kenneth M. Hoyt
United States District Judge